NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MELHAM, *Plaintiff*, v. KEVIN ESPOSITO, individually and in his capacity as Township Manager and Tax Assessor of the Township of Belleville, THE TOWNSHIP OF BELLEVILLE, and JANE/JOHN DOES 1 through 50, *Defendants*. | Civil No.: 2:15-cv-03244 (KSH) (CLW) <br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

## I. Introduction

This matter comes before the Court on plaintiff Michael Melham's Rule 60(b) motion to "vacate the voluntary dismissal and continue, renew, and reopen the action with a new discovery scheduling order and a second amended complaint." (D.E. 49.)

Melham argues he is entitled to relief under Rule 60(b)(3) because his voluntary dismissal (D.E. 46) was premised on an alleged agreement defendants made to withdraw their Rule 11 sanctions motion (D.E. 33), which remains pending. (D.E. 49-1, Pl. Br. 16.) Melham asks the Court to vacate the voluntary dismissal

1

under Rule 60(b)(6), arguing that defendants' "repudiation of [their] agreement" constitutes an "extraordinary circumstance" which warrants relief. (Pl. Br. 18.)

For the following reasons, Melham's motion is denied.

## II. Background

Melham owns a mixed-use property in Belleville township ("the property"). In the complaint he alleges that he and defendant Kevin Esposito, acting in his capacity as Belleville's township manager, discussed a sale of the property to Belleville. (D.E. 1, Compl. ¶¶ 11, 12.) Melham asserts that the following township-directed actions occurred while these discussions were ongoing: (1) the township issued notice of five violations on the property; (2) an assessment reduced the property's value by 44%; and (3) the property was appraised "for the purpose of an eminent domain proceeding." (*Id.* ¶¶ 14-16.) Melham sued.

His initial complaint asserted common law and state claims against Esposito on grounds that he served simultaneously as the township manager and tax assessor, violating the common law doctrine of compatibility and the equivalent New Jersey state law. Additionally, the complaint asserted claims against all defendants under 42 U.S.C. § 1983 and the Takings Clause, alleging violations of Melham's property rights. (Compl. ¶¶ 26, 29; Pl. Br. 3.) On May 6, 2016, following Esposito's resignation as township manager, Melham filed an amended complaint withdrawing the counts against Esposito and adding a third count for First Amendment violations. (D.E. 17, Am. Compl. ¶ 9.)

Defendants filed a motion for Rule 11 sanctions in January 2017, asserting

2

that Melham's lawsuit is frivolous and filed in bad faith, and that Melham "slandered a public official, made false accusations, and caused libelous materials to be published subsequent to the filling of the action." (D.E. 33-1, Rule 11 Mot. 1.) Moreover, defendants argue plaintiff's counsel "ignored or refused to comply" with discovery obligations. (*Id.* at 29.)

A final pre-trial order was approved by Magistrate Judge Waldor on March 1, 2017. (D.E. 36.) Defendants filed a motion for summary judgment on March 23, 2017 (D.E. 37), at which point Judge Waldor entered a text order declining to consider the Rule 11 motion at that point because a decision would be "contingent . . . on the merits of Plaintiff's claims and because such claims are more efficiently adjudicated in the first instance on Defendants' motion for summary judgment." (D.E. 39.)

On October 31, 2017, Defendants' attorney filed a letter confirming Melham's agreement to voluntarily dismiss his complaint with prejudice, which stated, in relevant part:

> "Defendants will reserve their right to continue its Rule 11 Motion now pending. Once the Dismissal Order is entered, defense counsel shall seek the authorization of its clients to withdraw the Rule 11 motion at the November 27, 2017 meeting of the Township Council. We will advise the Court on November 28, 2017."

(D.E. 45, Def. Ltr.) The docket reflects a "Notice of Voluntary Dismissal With Prejudice pursuant to F.R.C.P. 41(a)(1)(A)(ii)" signed by counsel for both sides and filed November 1, 2017. (D.E. 46.) On November 30, 2017, defense counsel filed a letter informing the Court that the township council declined to withdraw the Rule

3

11 motion and requesting that the Court "schedule [the motion] for disposition." (D.E. 47.)

With new counsel, Melham now moves to vacate the voluntary dismissal, claiming that defendants "fraudulently induced [him] to enter into a Stipulation of Dismissal . . . predicated upon the express condition that Defendants would not seek any sanctions against [him]." (Pl. Br. 2.) Citing "manifest injustice," Melham seeks to "continue, reopen, and reinstate his action, to be granted leave to amend his complaint, and to proceed to complete discovery," followed by trial on the merits. (*Id.*)

### III. Legal Standard

Fed. R. Civ. P. 60(b) states, in relevant part:

> "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief."

Recognizing the "overriding interest in the finality of judgments," *Mayberry v. Maroney,* 529 F.2d 332, 337 (3d Cir. 1976), Rule 60(b) provides for "extraordinary relief," and "may only be invoked upon a showing of exceptional circumstances." *United States v. Tuerk*, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting *Mayberry,* 529 F.2d at 335).

A successful Rule 60(b)(3) motion requires that the moving party "establish that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting his case." *Project Mgmt. Inst., Inc. v. Ireland,* 144 F. App'x 935, 937 (3d Cir. 2005). This must

4

be demonstrated by clear and convincing evidence. *Bamigbade v. City of Newark*, No. 04-4419, 2006 U.S. Dist. LEXIS 3534, at *7 (D.N.J. Jan. 30, 2006) (Martini, J.) (citing *Brown v. Penn. R.R. Co.,* 282 F.2d 522, 527 (3d Cir. 1960)).

Rule 60(b)(6) relief "may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). The Third Circuit has declined to find that extraordinary circumstances exist "when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). *See also Coltec Indus. v. Hobgood,* 280 F.3d 262, 274 (3d Cir. 2002) ("[Plaintiff] may wish that it had not made this deal, but courts have not looked favorably on the entreaties of parties trying to escape the consequences of their own counseled and knowledgeable decisions." (internal quotation marks omitted)).

## IV. Discussion

Melham asserts that Rule 60(b)(3) relief is available because "[d]efendants materially misrepresented that they would not pursue sanctions, knowing that their representation was false, [and] fully intending that Plaintiff would rely on that representation." (Pl. Br. 17.) He claims that his voluntary dismissal was "premised on this commitment," and "at best, defendants' conduct demonstrates that [they] never had any inclination to forego seeking sanctions from plaintiff despite the representations made by and through counsel." (*Id.* 16-17.)

5

Other than speculating about the sequence of events, there is no evidence to support Melham's contention that defendants "fraudulently misrepresented their intentions." The letter defense counsel filed expressly "reserve[d] [the] right to continue its Rule 11 motion," while noting that counsel would "seek the authorization of its clients to withdraw the Rule 11 Motion" at the November township council meeting. (Def. Ltr.) At most, this language indicates that defense counsel would raise the issue with its clients. As well, the stipulation of dismissal is silent on the alleged condition. The Court has no basis to conclude that Melham's voluntary dismissal was conditioned upon the township council's withdrawing the Rule 11 sanctions. Thus, Melham has not established that defendants engaged in fraud or other misconduct, falling far short of satisfying his burden under Rule 60(b)(3).

Melham also argues that the stipulation of dismissal should be vacated under Rule 60(b)(6) because "extraordinary circumstances" exist and "without such relief, an extreme and unexpected hardship would occur." (Pl. Br. 17-18.) In support, he cites judicial opinions holding that the breach of an underlying agreement to a voluntary dismissal constituted an exceptional circumstance under Rule 60(b)(6). (*Id.* at 18.) The Court has reviewed this authority and notes initially that in the case cited from the Third Circuit, the court concluded that breach of a settlement agreement is "no reason to set the judgment of dismissal *aside,* although it may give rise to a cause of action to *enforce* the agreement." *Sawka,* 989 F.2d at 140–41. Cases where courts held that breach of the underlying settlement agreement did

6

warrant relief under Rule 60(b)(6) featured bargained-for, detailed agreements with clearly articulated terms.  Plaintiffs in *Fairfax Countywide Citizens Ass'n v. Fairfax Cty.*, a case alleging racial discrimination in the delivery of public services, entered into two separate settlement agreements in exchange for voluntarily dismissing their case.  571 F.2d 1299, 1302-03 (4th Cir. 1978).  These agreements detailed the precise number of streets to be upgraded in communities of color.  Fairfax County later passed a resolution repudiating the agreement.  The Fourth Circuit held that "upon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket."  (*Id.*)  *See also Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410-11 (1991) (upholding district court decision to vacate dismissal under Rule 60(b)(6) because of "complete frustration" of the settlement agreement obligating the plaintiff to "comply . . . with the collective bargaining agreement" and "pay the union $100,000 to cover part of its litigation expenses.").  Here, Melham has made no showing at all that there was an underlying agreement to withdraw the Rule 11 motion, let alone that he is entitled to relief because defendants violated it.

Last, the Court rejects Melham's definition of the potential "extreme hardship" he would experience absent a ruling in his favor, such as "be[ing] left burdened with a property he cannot use, growing carrying costs, lost potential profits, and continuing fees and burdensome municipal court appearances for unfairly-issued violations and citations."  (Pl. Br. 19.)  Arguably, these are the same

7

circumstances that could follow his voluntary dismissal—they have no connection to defendants' decision to pursue the Rule 11 motion. Under a Rule 60(b)(6) analysis, the only potential hardship is that Melham may have to defend a Rule 11 motion. The Court does not find this to be an "extreme and unexpected hardship" under Rule 60(b)(6).

Examining the procedural posture of the Rule 11 motion, the Court notes that Judge Waldor's text order of April 4, 2017 states "The Court declines to consider the request for sanctions at this stage. The motion may be renewed and supplemented, including in reference to L. Civ. R. 54.2(a) as appropriate, upon disposition of the motion for summary judgment." (D.E. 39.) Counsel's November 30, 2017 letter confirmed an intention to pursue sanctions and requested that the motion be scheduled for disposition. The motion shall be reinstated and counsel shall brief it per the briefing schedule in the order accompanying this opinion.

## V. Conclusion

For the reasons indicated above, the Court finds that Melham has not sufficiently established fraud or misconduct under Rule 60(b)(3) or exceptional circumstances under Rule 60(b)(6), and his motion to vacate his prior stipulation of voluntary dismissal is denied. An appropriate order will follow.

/s/ Katharine S. Hayden

Date: November 30, 2018  Katharine S. Hayden, U.S.D.J.

8